**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

CIVIL ACTION NO. 17-218-DLB

FRANCIS J. BELL                                                            PETITIONER

VS.                      **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, WARDEN                              RESPONDENT

*** *** *** ***

Francis J. Bell is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Bell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1). For the reasons set forth below, the Court will **deny** Bell's petition.

In May 2005, Bell pled guilty to conspiracy to possess with the intent to distribute a controlled substance. *See United States v. Francis Bell*, No. 1:04-cr-202 (N.D. Ill. 2005). The United States District Court for the Northern District of Illinois determined that Bell was a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Therefore, Bell's advisory guidelines range was 262 to 327 months in prison. In October 2005, the trial court sentenced Bell to 300 months in prison. *See id.* at Doc. #75.

On direct appeal, the United States Court of Appeals for the Seventh Circuit affirmed his conviction. *See id.* at Doc. #92. Bell later filed an untimely motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion, *see*

*id.* at Doc. #93, and Bell subsequently withdrew his appeal. *See Francis Bell v. United States*, No. 16-3825 (7th Cir. Jan. 9, 2017).

Bell has now filed a § 2241 petition with this Court. (Doc. #1). Bell argues that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court erred when it apparently used his prior state court conviction for residential burglary to categorize him as a career offender under the sentencing guidelines. (Doc. #1 at 6-12). Bell has also recently filed a "motion to amend" his habeas petition and, in that submission, further asks the Court to expedite its resolution of his case. (Doc. #3).

As an initial matter, the Court will grant Bell's "motion to amend . . . [and] to expedite proceedings" (Doc. #3) to the extent that the Court has fully considered Bell's additional arguments in support of his petition and is now resolving this matter.

That said, Bell's § 2241 petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Bell cannot use a § 2241 petition as a way of challenging his sentence.

Bell nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. (Doc. #1 at 9-10). In *Hill v. Masters*, 836 F.3d 591, 599

(6th Cir. 2016), the Sixth Circuit indicated, for the first time, that a prisoner may challenge his sentence in a § 2241 petition if he can show, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." However, the Sixth Circuit expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220." *Hill*, 836 F.3d at 599. In this case, the district court sentenced Bell on October 28, 2005—more than ten months after the Supreme Court decided *Booker*. *See Booker* at 220. Thus, there is no merit to Bell's argument that he can attack his sentence enhancement in a § 2241 petition.

Accordingly, **IT IS ORDERED** that:

(1) Bell's "motion to amend ... [and] to expedite proceedings" (Doc. #3) is **GRANTED**, but only to the extent that the Court has fully considered Bell's additional arguments in support of his petition and has resolved this matter;

(2) Bell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**;

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4) A corresponding Judgment shall be entered this date.

This 29th day of August, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Bell 17-218- DLB Memorandum CDS.docx